IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER A. GROVER,

Plaintiff,

v.

DR. JEFF HOLMGREN,

Defendant.

OPINION AND ORDER

21-cv-161-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Christopher Grover, who is incarcerated at the Jackson Correctional Institution, has filed a proposed civil action in which he alleges that his former psychiatrist, defendant Dr. Jeff Holmgren, committed malpractice by misdiagnosing plaintiff with bipolar disorder and prescribing psychiatric medication for plaintiff that he did not need following a car accident in 2011. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

On December 30, 2020, plaintiff filed a proposed complaint in case no. 20-cv-1137, alleging a state-law medical malpractice claim against defendant based on almost identical allegations. I dismissed that complaint for lack of subject matter jurisdiction. Specifically, I found that the court could not exercise diversity jurisdiction over plaintiff's malpractice claim under 28 U.S.C. § 1332 because plaintiff and defendant are both Wisconsin citizens. Dkt. #6, case no. 20-cv-1137. Although plaintiff alleges in his new complaint that he is a

federal tribal member who was seeking medical care in a federally-funded tribal clinic, those allegations do not affect this court's diversity jurisdiction over plaintiff's Wisconsin state law claim.

Section 1332 grants federal district courts jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states or a citizen of a state and a citizen or subject of a foreign state, except in cases in which the citizen of the foreign state is lawfully admitted for permanent residence in the United States and is domiciled in the same state as the other party. Here, plaintiff and defendant are citizens of the same state. Even though plaintiff alleges that he is a member of a tribal nation, he is a citizen of the state in which he is domiciled, which is Wisconsin. Iowa Mutual Insurance Co. v. LaPlante, 480 U.S. 9, 18 n.10 (1987) ("In 1924, Congress declared that all Indians born in the United States are United States citizens, see Act of June 2, 1924, ch. 233, 43 Stat. 253, now codified at 8 U.S.C. § 1401, and, therefore, under the Fourteenth Amendment, Indians are citizens of the States in which they reside.").

Plaintiff also seems to believe that defendant's alleged misdiagnosis following plaintiff's 2011 car accident is related to his product liability lawsuit currently proceeding in this court in case no. 20-cv-1047. However, Rule 20 of the Federal Rules of Civil Procedure prohibits litigants from bringing unrelated claims against different defendants in a single action. Although plaintiff mentions his 2011car accident in both lawsuits, his allegations of negligence against defendant Holmgren are completely unrelated to his allegations that Ford Motor Company is liable for manufacturing a car with an allegedly

defective gas pedal and air bag. Therefore, these claims may not proceed together in the same lawsuit.

Although plaintiff may not proceed on a state law claim for medical malpractice in this court, his new allegations suggest that he may be able to state a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The FTCA provides a remedy for individuals seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government acting within the scope of his employment. 28 U.S.C. §§ 2671-2680; Levin v. United States, 133 S. Ct. 1224, 1228 (2013); Keller v. United States, 771 F.3d 1021, 1022-23 (7th Cir. 2014). Because a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," the substantive law of Wisconsin governs plaintiff's claim for medical negligence. 28 U.S.C. § 1346(b); Gil v. Reed, 381 F.3d 649, 658 (7th Cir. 2004); Campbell v. United States, 904 F.2d 1188, 1191 (7th Cir.1990). Thus, to prevail on his claim, plaintiff must show that a federal employee breached a duty owed to him and that the breach was a cause of his injuries. Gil, 381 F.3d at 658; Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860, 865 (2001).

Plaintiff's allegations that Holmgren mistakenly diagnosed bipolar disorder and prescribed plaintiff psychiatric medication that he did not need are sufficient to state a negligence claim. Accepting plaintiff's allegations as true at this stage, I can infer that Holmgren breached his duty of care by failing to exercise that degree of care and skill that an average psychiatrist would have exercised in the circumstances plaintiff alleges. Gil, 381 F.3d at 658. See also Williams v. Thorpe, Case No. 08-cv-577-jps, 2011 WL 4076085, *7

(E.D. Wis. 2011) (discussing Wisconsin standard for medical negligence claims) (citing Sawyer v. Midelfort, 227 Wis. 2d 124, 149, 595 N.W.2d 423 (1999)).

Although it was not clear in his initial complaint in case no. 20-cv-1137, plaintiff alleges in his complaint in this case that Holmgren was working for and providing plaintiff mental health services through a Lac Courte Oreilles (LCO) tribal clinic in 2011. Plaintiff's allegations that Homgren was working for a federally-funded tribal clinic at the time of the alleged negligence are sufficient to suggest at this early stage that Holmgren was acting within the scope of federal employment.

The only proper defendant in a Federal Tort Claims action is the United States. 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). Therefore, before plaintiff can proceed with a negligence claim, he must file an amended complaint that names the United States as the only defendant. If plaintiff chooses to file an amended complaint, he also should make clear that he wishes to proceed on a negligence claim under the FTCA and he should explain Holmgren's employment relationship with the tribal clinic.

Finally, because plaintiff's allegations are almost identical to those in his previously-filed lawsuit, he could have filed a motion for reconsideration of the screening order in that case or a motion to reopen the case based on the additional allegations. Rather than subject him to two separate filing fees for what is essentially the same case, I will direct the clerk of court to close this case (case no. 21-cv-161) and docket the following in plaintiff's previously-filed case no. 20-cv-1137: (1) plaintiff's filings in this case; and (2) this order. Plaintiff shall not be charged a filing fee in case no. 21-cv-161, and his initial partial

payment of $34.91 shall be applied toward the filing fee in case no. 20-cv-1137.

ORDER

IT IS ORDERED that:

1. Plaintiff Christopher Grover may have until May 5, 2021, if he chooses, to file an amended complaint in case no. 20-cv-1137 that names the United States as the sole defendant for his Federal Tort Claims Act claim regarding the alleged negligence of Dr. Jeff Holmgren.

2. The clerk of court shall close this case (case no. 21-cv-161) and docket plaintiff's filings in this case and this order in plaintiff's previously-filed case no. 20-cv-1137. Plaintiff shall not be charged a filing fee in case no. 21-cv-161, and his initial partial payment of $34.91 shall be applied toward the filing fee in case no. 20-cv-1137.

Entered this 14th day of April, 2021.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge