IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER A. GROVER,

                                                OPINION AND ORDER

          Plaintiff,

                                                20-cv-1137-bbc

    v.

JEFF HOLMGREN,

         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Christopher Grover, who is incarcerated at the Jackson Correctional Institution, has filed a proposed civil action in which he alleges that his former psychiatrist, Dr. Jeff Holmgren, committed malpractice by misdiagnosing plaintiff with bipolar disorder and prescribing plaintiff psychiatric medication that he did not need following a car accident in 2011. In his original complaint, plaintiff alleged a state-law medical malpractice claim against Holmgren. Dkt. #1. On April 14, 2021, I screened plaintiff's complaint and found that the court could not exercise diversity jurisdiction over plaintiff's malpractice claim under 28 U.S.C. § 1332 because plaintiff and Holmgren are both Wisconsin citizens. Dkt. #10. However, because plaintiff's allegations suggest that he may state a Federal Tort Claims Act (FTCA) claim against the United States of America regarding Holmgren's conduct, I gave plaintiff an opportunity to file a proposed amended complaint. Plaintiff's proposed amended complaint, dkt. #16, is now before the court for screening under 28 U.S.C. § 1915A.

      The FTCA provides a remedy for individuals seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government acting within the

1

scope of his employment. 28 U.S.C. §§ 2671-2680; Levin v. United States, 133 S. Ct. 1224, 1228 (2013); Keller v. United States, 771 F.3d 1021, 1022-23 (7th Cir. 2014). Because a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," the substantive law of Wisconsin governs plaintiff's claim for medical negligence. 28 U.S.C. § 1346(b); Gil v. Reed, 381 F.3d 649, 658 (7th Cir. 2004); Campbell v. United States, 904 F.2d 1188, 1191 (7th Cir.1990). Thus, to prevail on his claim, plaintiff must show that a federal employee breached a duty owed to him and that the breach was a cause of his injuries. Gil, 381 F.3d at 658; Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860, 865 (2001). The only proper defendant in a FTCA action is the United States. 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008).

In his amended complaint, plaintiff says that he wishes to proceed on a negligence claim under the FTCA, alleges that Holmgren was working for a Lac Courte Oreilles (LCO) tribal clinic and names the United States as the sole defendant. However, additional allegations in plaintiff's proposed amended complaint make clear that his claim is barred by the applicable statute of limitations. Although a statute of limitations defense is an affirmative defense, a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002).

The Wisconsin statute of limitations applies to FTCA claims that occurred in the state, because the FTCA expressly incorporates state substantive law, Augutis v. United

States, 732 F.3d 749, 754 (7th Cir. 2013), and Wisconsin's statute of limitations is substantive, Wenke v. Gehl, 2004 WI 103, Wis. 2d 220, 274 N.W.2d 405 (Wisconsin statutes of limitations are substantive, not procedural). See also Ledwith v. United States, No. 17-CV-894-WMC, 2020 WL 4260486, at *2 (W.D. Wis. July 24, 2020) (Wisconsin statute of limitations applies to FTCA claims concerning matters that occurred in this state); Flodin v. United States, No. 13-CV-853-BBC, 2016 WL 750668, at *2 (W.D. Wis. Feb. 24, 2016) (same). The Wisconsin statute of limitations for medical malpractice claims states in relevant part that:

> [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
>
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Wis. Stat. § 893.55(1m). See also Doe 52 v. Mayo Clinic Health System-Eau Claire Clinic, Inc., 98 F. Supp. 3d 989, 993 (W.D. Wis. 2015).

Plaintiff alleges that Holmgren misdiagnosed him in 2011. The allegations in plaintiff's original complaint suggest that he did not learn of the misdiagnosis for some years, during which time he was prescribed psychiatric medication that he did not need. However, he now alleges in his proposed amended complaint that in 2015 he sought a second opinion from the Mayo Clinic, where he learned from a "psych doc" that he "was being wronged"

3

and did not have bipolar disorder. Dkt. #16 at 3. Because plaintiff alleges that he discovered his injury in 2014, he had only one year, or until 2015, to file his lawsuit. Moreover, plaintiff cannot commence any action more than five years from the date of Holmgren's act or omission, which would have been 2016. Plaintiff's allegations that he continued to receive the wrong medications for the incorrect diagnosis until his conditional release was revoked in 2015 and he was placed at the Mendota Mental Health Institute where his evaluation report showed that the Mayo Clinic was correct do not change this analysis. Id. Therefore, plaintiff's complaint must be dismissed as untimely.

Because I am dismissing the complaint on the basis of plaintiff's own allegations, the dismissal is one for failure to state a claim upon which relief may be granted. Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Therefore, a strike will be recorded in accordance with 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff Christopher Grover's complaint is DISMISSED for his failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

Entered this 23d day of June, 2021.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge